UNITED STATES DISTRICT COURT
DISTRICT OF OREGON

| | |
|---|---|
| INFINIT INDUSTRIES, INC., <br><br> Plaintiff, <br><br> vs. <br><br> EMERALD VALLEY ARTESIAN WATER COMPANY, <br><br> Defendant. | Civil Action No. CV '05 1308 AA <br><br> COMPLAINT FOR TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION <br><br> DEMAND FOR TRIAL BY JURY |

Plaintiff, Infinit Industries, Inc. (hereinafter referred to as "Plaintiff"), by and through its undersigned counsel, as and for its Complaint against Emerald Valley Artesian Water Company (hereinafter referred to as "Emerald Valley"), respectfully alleges as follows, upon knowledge with respect to itself and its own acts, and upon information and belief as to all other matters:

### THE PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 111 Airline Drive, Metairie, Louisiana 70001.

2. Emerald Valley is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business at 20608 Coburg Road, Harrisburg, Oregon 97446.

### JURISDICTION AND VENUE

3. This action arises under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq.* and related state statutes and the common law. This Court has jurisdiction

5/22

under the provisions of 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. § 1121. Supplemental jurisdiction over the causes of action under state law is proper as substantially related to those causes of action over which this Court has original jurisdiction, pursuant to 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b) and LR 3.4 in that Emerald Valley is doing and transacting business within and has committed the tortious acts complained of herein in this Judicial District, including but not limited to causing a likelihood of confusion among consumers who purchase Plaintiff's product in Multnomah County and elsewhere.

## GENERAL ALLEGATIONS

5. Since at least as early as August 1999, Plaintiff has been continuously engaged in the business of marketing and selling bottled water products in interstate commerce under the trademark EVAMOR® (hereinafter the "EVAMOR® Mark").

6. Plaintiff's ownership of the EVAMOR® Mark is a matter of public record. Plaintiff owns United States trademark Registration No. 2,300,929 for the mark EVAMOR®, registered on December 14, 1999, in International Class 32 for "bottled drinking water" (the "Registration").

7. The Registration is valid and subsisting, has not been canceled, and constitutes *prima facie* evidence of the validity of the EVAMOR® Mark, of the registration of said mark, of Plaintiff's ownership of said mark, and of Plaintiff's exclusive right to use the mark in commerce.

8. The Registration has become incontestable pursuant to 15 U.S.C. § 1065.

9. As a result of Plaintiff's continuous and exclusive use since August 1999 of the inherently distinctive EVAMOR® Mark, and the commercial success of its products sold

under this mark, Plaintiff has achieved significant brand name recognition in the EVAMOR® mark.

10. Plaintiff's EVAMOR® Mark has come to represent the very substantial and valuable goodwill and reputation of Plaintiff in the market for high quality bottled water products. As a result, the consuming public has come to know that bottled water products marketed and sold under Plaintiff's EVAMOR® Mark are exclusively associated with Plaintiff.

11. Subsequent to Plaintiff's registration and use of the EVAMOR® Mark, Emerald Valley adopted and used the name EVA in connection with the marketing and sale of bottled water products.

12. On or about May 8, 2001, Emerald Valley filed an application with the U.S. Patent and Trademark Office ("USPTO") to register the name EVA on the Principal Register for use in connection with "bottled spring water" (as amended by Emerald Valley), namely Application Serial No. 76/253,723 (the "Application"), with a claim of first use in commerce of June 1, 2001. As of the date of this complaint, the Application is listed by the USPTO as scheduled for publication in the Official Gazette on August 16, 2005.

13. By virtue of Plaintiff's federal trademark registration, Emerald Valley had at least constructive notice of Plaintiff's rights in the EVAMOR® Mark on the date it filed the Application.

14. Emerald Valley's activities with respect to marketing its bottled water products under the EVA name are targeted at the same class of consumers as are Plaintiff's products marketed and sold under the EVAMOR® Mark, namely consumers seeking an alternative to drinking tap water.

15. Both EVA and EVAMOR® consist in whole or in part of the dominant term "Eva" rendering them confusingly similar in appearance, sound, connotation and overall commercial impression.

16. Accordingly, consumers familiar with Plaintiff's products would likely assume incorrectly that the bottled water products marketed and sold by Emerald Valley under the EVA name originated with Plaintiff, or that there is some type of affiliation between the parties, or that Plaintiff has sponsored, endorsed, or approved of Emerald Valley's bottled water products.

17. Plaintiff is aware of instances where customers encountering products marketed or sold under the EVA name by Emerald Valley incorrectly assumed that said products originated with or were sponsored, endorsed or approved by Plaintiff.

18. On or about December 16, 2004, and again on or about April 27, 2005, Plaintiff, by and through its counsel, informed Emerald Valley that its use and attempted registration of the EVA name constituted an infringement of Plaintiff's rights and demanded that Emerald Valley cease such use and abandon the Application. Despite Plaintiff's notice, however, Emerald Valley refused to cease its infringing use, and continues to market and sell goods under the EVA name without authorization from Plaintiff and in disregard of Plaintiff's rights.

19. Emerald Valley, by virtue of its unauthorized use of the EVA name, has infringed and is continuing to infringe Plaintiff's valuable trademark rights in and to the EVAMOR® Mark, has unfairly competed with Plaintiff, and otherwise traded off the reputation and goodwill of Plaintiff and Plaintiff's products to promote its own bottled water products.

20. The aforesaid acts of Emerald Valley have caused and, unless restrained and enjoined by this Court, will continue to cause irreparable damage, loss and injury to Plaintiff, to an extent not yet ascertained.

## COUNT I

(Infringement of Federally Registered Trademark)

21. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 20, inclusive, with the same force and effect as if set forth fully herein.

22. This cause of action arises under Section 32 of the federal Lanham Act, 15 U.S.C. § 1114, for infringement of a registered trademark.

23. Emerald Valley's unauthorized use of the EVA name has caused and is likely to cause confusion, mistake or deception as to the origin of Emerald Valley's bottled water products and to mislead consumers into believing that Emerald Valley's products originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by Plaintiff.

24. Accordingly, Emerald Valley's activities constitute an infringement of Plaintiff's registered trademark for EVAMOR® in violation of § 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

25. Emerald Valley's aforesaid acts of infringement have caused Plaintiff to sustain monetary damage, loss and injury, to an extent not yet ascertained.

26. Emerald Valley has engaged and continues to engage in these activities knowingly and willfully, so as to justify the assessment of treble damages.

27. Emerald Valley's acts of infringement, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law.

## COUNT II

(Federal False Designation of Origin and False Representation)

28. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 27, inclusive, with the same force and effect as if fully set forth herein.

29. As the exclusive owner and user of the EVAMOR® Mark, Plaintiff possesses valuable common law rights to said mark and the goodwill appurtenant to it.

30. Accordingly, this cause of action arises under § 43(a) of the federal Lanham Act, 15 U.S.C. § 1125(a), for false designation of origin, description and false representation, unfair competition and false advertising.

31. Emerald Valley's unauthorized use of the EVA name has caused its bottled water products to enter into interstate commerce with a trademark designation that falsely describes and represents that its products originate from, are affiliated with or connected with, or are licensed, sponsored, authorized, approved or sanctioned by Plaintiff and/or Plaintiff's products marketed and sold under the EVAMOR® Mark.

32. The aforesaid activities violate § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

33. Emerald Valley's acts of false designation of origin, description and false representation, unfair competition and false advertising have caused Plaintiff to sustain monetary damage, loss and injury, to an extent not yet ascertained.

34. Emerald Valley's acts of false designation of origin, false description and representation, unfair competition and false advertising, unless enjoined by this Court, will continue to cause Plaintiff to sustain irreparable damage, loss and injury, for which Plaintiff has no adequate remedy at law.

## COUNT III

(Trademark Infringement and Unfair Competition (Common Law))

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 34, inclusive, with the same force and effect as if fully set forth herein.

36. Emerald Valley's unauthorized use of the EVA name constitutes trademark infringement and unfair competition as proscribed by the common law of the State of Oregon, as such actions are likely to mislead and confuse consumers as to the source of Emerald Valley's bottled water products.

37. Emerald Valley's aforesaid acts of trademark infringement and unfair competition have caused Plaintiff to sustain monetary damage, loss and injury, to an extent not yet ascertained.

38. Emerald Valley's acts of trademark infringement and unfair competition, unless enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Plaintiff, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Infinit Industries, Inc., respectfully prays for judgment as follows:

1. That Emerald Valley, its officers, agents, servants, employees, attorneys and all other persons in active concert or participation with Emerald Valley who receive actual notice or knowledge of this injunction by personal service or otherwise, be preliminarily and permanently enjoined:

    a. From directly or indirectly using, preparing, producing, manufacturing, ordering, printing, publishing, rendering, distributing, selling, offering for sale, advertising, promoting or otherwise exploiting any goods under the EVA name, or any other term similar to Plaintiff's EVAMOR® Mark so as to be likely to cause confusion, deception or mistake;

    b. From otherwise continuing to infringe upon Plaintiff's EVAMOR® Mark;

    c. From further using in connection with any goods or services, any false or deceptive designation or description, whether by words or other symbols or representations, which suggest or imply any relationship with Plaintiff and/or Plaintiff's bottled water products;

    d. From further unlawfully trading upon and appropriating the goodwill and the business reputation of Plaintiff and/or Plaintiff's products;

    e. From further engaging in any acts of unfair competition against Plaintiff and/or Plaintiff's products;

    f. That Emerald Valley expressly abandon the Application and refrain from any further attempts to register the EVA name, or any other term similar to Plaintiff's EVAMOR® Mark so as to be likely to cause confusion, deception or mistake;

    g. From in any way inducing, encouraging, aiding, abetting or contributing to any of the aforesaid acts.

    2. That Emerald Valley file with this Court and serve on Plaintiff in accordance with 15 U.S.C. § 1116, within 30 days after service on Emerald Valley of such

injunction (or such extended period as this Court may direct), a report in writing and under oath, setting forth in detail the manner and form in which it has complied with this injunction.

   3. That in accordance with 15 U.S.C. § 1118, Emerald Valley deliver up to Plaintiff for destruction or other disposition all goods, labels, signs, prints, packages, wrappers, advertisements, business forms, letterheads and promotional materials bearing or displaying the EVA name, or any other term similar to Plaintiff's EVAMOR® Mark so as to be likely to cause confusion, deception or mistake, in Emerald Valley's possession, custody or control (and to recall for such purpose any such products and materials in the possession, custody or control of any other person), as well as any reproduction, counterfeit, copy or colorable imitation thereof.

   4. That Emerald Valley be required to immediately account to Plaintiff for all gains, profits and advantages derived from its wrongful acts.

   5. That Plaintiff be awarded monetary relief arising out of Emerald Valley's false designation of origin, trademark infringement, unfair competition, dilution, and other unlawful acts, in an amount to be determined according to proofs.

   6. That because of the willful nature of said infringement, and pursuant to 15 U.S.C. § 1117, the Court enter judgment for Plaintiff for three times the amount of said damages.

   7. That in view of the knowing, willful, wanton and deliberate nature of Emerald Valley's wrongful acts, Plaintiff be awarded a judgment that this case is an "exceptional case" under 15 U.S.C. § 1117 and that Emerald Valley pay Plaintiff's costs and disbursements in this action, together with reasonable attorneys' fees.

   8. That Plaintiff have such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby makes demand for a trial by jury pursuant to Fed. R. Civ. P. 38 as to all issues herein so triable.

Dated: August 22, 2005

/s/ James E. Geringer
James E. Geringer, OR Bar. No. 95178
james.geringer@klarquist.com
John D. Vandenberg, OR Bar No. 89375
john.vandenberg@klarquist.com
KLARQUIST SPARKMAN, LLP
121 S.W. Salmon Street, Suite 1600
Portland, Oregon 97204
Telephone: (503) 595-5300
Fax: (503) 595-5301

Attorneys for Plaintiff
Infinit Industries, Inc.

OF COUNSEL:
James E. Rosini
Michelle Mancino Marsh
Robert H. Cameron
KENYON & KENYON
One Broadway
New York, New York 10004
(212) 425-7200